## Moore vs. The State.

INDICTMENT — ASSAULT WITH INTENT TO MAIM OR DISFIGURE. — Where an assault is made with intent maliciously to maim or disfigure any member of the human body, a conviction may be had under secs. 31 and 32, ch. 133, R. S., and an assault made upon a female with intent maliciously to maim, or disfigure or disable her internal organs, as the uterus, is an offense punishable under this statute.

(4 Chand., 168.)

ERROR to the Circuit Court for *Kenosha* County.

Indictment for assault with intent to maim and disfigure, under secs. 31 and 32, ch. 133 R. S., and the third count charged that *Joseph R. Moore*, the accused, on etc., at etc., " with force and arms in and upon the body of Margaret D. Moore, then and there being, did make an assault, and the said *Joseph R. Moore*, in and upon the private parts of her, the said Margaret D. Moore, then and there feloniously, unlawfully and maliciously did insert the hand and fingers of him the said *Joseph R. Moore*, with intent in so doing, her the said Margaret D. Moore, thereby then and there to maim, against the form of the statute, etc. The fourth count charged an assault, and that the accused, in and upon the private parts of the said Margaret D. Moore, then and there feloniously, unlawfully and maliciously did bruise and wound, with intent in so doing, the person of her the said Margaret D. Moore, thereby then and there to disfigure, against the form of the statute, etc. The statute under which this indictment was framed (R. S., ch. 133, sec. 31) provides that " if any person, with malicious intent to maim or disfigure, shall cut out or maim the tongue, put out or destroy an eye, cut or tear off an ear, cut or slit or mutilate the nose or lip, or cut off or disable a limb or *member* of any person, every such offender shall be punished," etc. Sec. 32 provides that " if any person shall assault another with intent to murder or *to maim or disfigure his person* in any of the ways mentioned in the preceding section, he shall be punished," etc.

The accused was found guilty under the third and fourth counts, and his counsel moved in arrest of judgment, 1. Because the statute was confined to certain specified injuries as amounting to the offense of maiming or disfiguring, and did not contain the broad language of the late English statute, " to do any grievous bodily harm ;" that the private parts of the female may be an organ, but not a limb or member of the body, within the meaning of the statute. 2. The indictment does not allege that he bruised and wounded with intent to disable the organ

mentioned. 3. There is no malice alleged of the intent to maim or disfigure. 4. The indictment does not charge the offense with sufficient certainty. The motion in arrest was overruled and the defendant sentenced. Thereupon he brought this writ of error.

*O. S. Head* and *J. R. Doolittle*, for plaintiff in error.

*S. Park Coon*, Attorney General, for the state.

KNOWLTON, J. This was an indictment under section 32, of chapter 133, of the revised statutes, for an assault on the body of one Margaret D. Moore with intent to maim or disable the private parts of her, the said Margaret D. Moore.

The only question to be disposed of is, whether the indictment upon which the defendant below was found guilty by the jury who tried the case, is sufficient under the statute referred to. We are of opinion that it is sufficient; that judgment ought not to be arrested for that cause. Under the rigid rule of strict construction of a penal statute we can see no sufficient error or variance between the indictment and statute, to warrant an arrest of judgment in this case. Nor can we see a reason to support the query made, that " it is extremely doubtful whether an indictment will lie under our statute for disabling an internal organ of the body, like the uterus in a female.

Our legislature certainly gave the same protection to the internal organs of the female that it did to the external organs of the male, and there is no reason why it should not.

We do not deem it necessary to give an elaborate opinion in this case, as we consider the objections technical, and certainly not substantial after the verdict ; nor do we consider them so at any stage of the proceedings.

The judgment of the circuit court must be affirmed.